IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Criminal No. 5:03-CR-290-1-FL
Civil No. 5:05-CV-357-FL

JUAN ADARELL CROMARTIE,     )
         Petitioner,        )
                            )
    v.                      )      ORDER
                            )
UNITED STATES OF AMERICA,   )
         Respondent.        )

FILED
FEB 1 4 2006
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

This matter is before the court on petitioner's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Also before the court is the motion to dismiss of respondent the United States of America (hereinafter "respondent") pursuant to Rule 12(b)(6). These matters are ripe for adjudication. For the following reasons, the court denies petitioner's motion for summary judgment and grants in part and denies in part respondent's motion to dismiss.

STATEMENT OF THE CASE

Petitioner, a federal inmate, filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his § 2255 petition, petitioner alleges that his sentence is illegal pursuant to the Supreme Court's rulings in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Petitioner also alleges two ineffective assistance of counsel claims. First, petitioner claims that his counsel failed to challenge the sufficiency of his indictment, and second, he alleges that his trial counsel failed to file an appeal upon his request.

Respondent filed a motion to dismiss pursuant to Rule 12(b)(1) on June 30, 2005, asserting that the petition was filed outside of the statute of limitations and therefore is time-barred. Petitioner

filed a response arguing that he mailed the petition within the statutory period. Then, on July 27, 2005, petitioner filed a motion for summary judgment arguing that he is entitled to judgment on his claims.

On October 4, 2005, the court denied respondent's motion to dismiss and gave respondent twenty (20) days to respond to petitioner's motion for summary judgment. Respondent filed its response on October 24, 2005, and also moved to dismiss petitioner's claim pursuant to Rule 12(b)(6). On November 9, 2005, petitioner filed a response to respondent's motion to dismiss.

## STATEMENT OF THE FACTS

The facts seen in the light most favorable to the non-moving party are as follows. On April 20, 2004, this court sentenced petitioner to one hundred eighteen (118) months imprisonment. The sentence followed petitioner's plea of guilty for conspiracy to distribute and possess with intent to distribute more than fifty (50) grams of cocaine base in violation of 18 U.S.C. § 846. Petitioner did not file an appeal.

## DISCUSSION

I.  Standard of Review

Petitioner moved for summary judgment. Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith

2

Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

In response to petitioner's motion for summary judgment, respondent moved to dismiss petitioner's complaint pursuant to Rule 12(b)(6). Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1356 (1990)). A complaint should not be dismissed unless it clearly appears that the petitioner can show no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 46-47 (1957). Indeed, a court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

II. Analysis

A. Blakely/Booker Claim

Petitioner alleges that his present federal conviction is illegal pursuant to the Supreme Court's ruling in Blakely, because the sentencing court enhanced his sentence based upon facts not submitted to a jury. In Blakely, the Supreme Court dealt with a determinate sentencing scheme similar to the Federal Sentencing Guidelines, and held that the Sixth Amendment prohibits sentences greater than

3

"the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303-04. In Booker, the Supreme Court recently applied Blakely to the Federal Sentencing Guidelines, finding them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.

Petitioner's § 2255 challenge to his sentence is a post-conviction action. Petitioner may bring a Blakely/Booker claim in a post-conviction action only if the rules announced in Blakely and Booker have been made retroactive to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 665 (2001). The Supreme Court is the only entity that can make a rule retroactive. Id. The Supreme Court has not made its ruling in Blakely retroactive to cases on collateral review. See United States v. Johnson, 146 Fed Appx. 656, 2005 WL 2705818, *1 n.2 (4th Cir. 2005) (unpublished); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004); see also United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001) (noting that the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000), the predecessor to Blakely, has not been made retroactive to cases on collateral review). Nor has Booker been made retroactive to cases on collateral review. Therefore, petitioner's Blakely/Booker claim is without merit.

B.  Waiver of Claims

Respondent contends that petitioner, in his plea agreement, waived his right to bring his claims that his trial counsel failed to file an appeal and failed to challenge the sufficiency of his indictment. A defendant may waive his right to appeal as part of a plea agreement. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A defendant may also waive his right under § 2255 to attack his conviction and sentence collaterally. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary

4

and the issue being appealed is within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994).

1. Voluntariness of plea agreement

Petitioner appears to contest the voluntariness of his guilty plea on the basis that he received ineffective assistance of counsel. A guilty plea is made knowingly and voluntarily if the defendant is fully aware of the direct consequences of his guilty plea unless it was induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes). Brady v. United States, 397 U.S. 742, 755 (1970).

On December 2, 2003, subsequent to the Rule 11 inquiry, this court found that petitioner's plea was freely and voluntarily entered, that he had a full and complete understanding of the nature of the charge and the punishment he faced, and that a sound factual basis existed to support the charges. Based on petitioner's plea agreement and his admission that he "knowingly and voluntarily accepted the plea agreement" at the Rule 11 hearing, the court finds that petitioner knowingly and voluntarily entered into the plea agreement. Therefore, petitioner's challenge to the voluntariness of his plea agreement is without merit.

2. Scope of waiver

Having determined that petitioner's plea was made knowingly and voluntarily, the court must now address whether each of his claims falls within the scope of his waiver to appeal or otherwise challenge his sentence. In his first claim, petitioner contends that his counsel failed to file an appeal at petitioner's request. The Fourth Circuit has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right

5

to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993). If counsel promises to note an appeal and then fails to do so, petitioner is entitled to relief in the form of a belated appeal. Id.; see Roe v. Flores-Ortega, 528 U.S. 470, 487 (2000). There is insufficient evidence before the court at this time to determine whether petitioner's trial counsel discussed an appeal with him. Thus, respondent's motion to dismiss and plaintiff's motion for summary judgment with respect to this claim are DENIED.

In contrast, petitioner's claim that his counsel failed to challenge the sufficiency of his indictment does fall within his waiver. Petitioner's plea agreement expressly states that he agrees to

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea.

(DE # 16, p. 2.)

At the time petitioner signed his plea agreement, he was or should have been aware of his claim regarding the sufficiency of his indictment. Because he was aware of the alleged conduct prior to signing the plea agreement, this claim falls within the scope of his waiver. Thus, the matter is not reviewable on appeal or in a § 2255 petition and petitioner's claim is without merit.

## CONCLUSION

For the foregoing reasons, petitioner's motion for summary judgment (DE # 29) is DENIED. Respondent's motion to dismiss (DE # 31) is DENIED as to plaintiff's claim that his counsel failed to file an appeal at petitioner's request, but GRANTED as to his remaining claims.

SO ORDERED, this the 13th day of February, 2006.

LOUISE W. FLANAGAN
Chief United States District Judge

7